THE ZION CHURCH OF THE CITY OF BALTIMORE *vs.*
THE MAYOR AND CITY COUNCIL OF BALTIMORE.

*Opening a Street—Assessment of Benefits.*

Section 8 of Article 47 of the Ordinances of the City of Baltimore,
passed in pursuance of the power given the Mayor and City
Council of Baltimore over the streets of the city, directs the
Commissioners to make a description of each parcel of ground
deemed by them to be benefited by opening a street, the name
or names of such persons as shall claim any estate or interest
therein, and the amount assessed thereon for benefits.   Section 16
declares that all sums of money assessed for benefits shall be
and continue liens on the property in question until the same
shall be paid to the city.   HELD:

That the assessment was made on the property without any refer-
ence to the state of the title, the only inquiry being as to the
amount of benefit conferred by the contemplated improvement;
and it was immaterial whether the person in possession had a
limited interest or an absolute fee simple in the land.

APPEAL from the Baltimore City Court.

This appeal involves the proceedings in reference to
Douglass street.   The same motion was made to quash,
which has been considered in the preceding case.   The
motion was overruled and a jury was sworn and benefits
were assessed to Zion Church.   At the trial four prayers
were offered in behalf of the Church, and one for the city.
The appellant's prayers are as follows:

1. The Zion Church of the City of Baltimore, appel-
lant, prays the Court to instruct the jury, that under
its title deeds to lots Nos. ten and a half and eleven,
offered in evidence, it cannot use the same for any pur-
pose other than for the maintenance thereon of a church,
or other house of worship and parsonage, and for a bury-
ing ground, without losing its right to hold the same,

and the said church cannot sell, lease or otherwise dispose of the same to be applied to any different use, and convey to the purchaser a valid title thereto.

2. That in estimating the benefits, if any, to accrue to the said church from the opening of Douglass street, the jury are to take into consideration the extent of the interest which the said church has in the property in question, and the qualified rights which it may exercise over the same, as defined in its first prayer, and are not to assess the said church for the said benefits in the same manner as if it owned said lots ten and a half and eleven, in fee simple, with the absolute right to sell, lease or otherwise dispose of the same, but to assess the said church only for such actual benefits, if any, as may accrue to it by reason of its location, or otherwise, from the proposed opening of Douglass street.

3. All the evidence offered, subject to exception, by the Mayor and City Council on the cross-examination of the witness John J. Purcell, and the evidence of the witness Morrow, also received subject to exception, as to the supposed benefit to the appellant for lots ten and a half and eleven, by the opening of Douglass street, upon the basis of a fee simple title to said lots, and the absolute right without restriction, to apply the same to secular uses by sale, lease or otherwise, is excluded from the consideration of the jury.

4. If the jury find that lots ten and a half and eleven are held as church property, improved by church and parsonage, and a part of said ground used as a burying ground, then the jury are not to estimate benefits for the opening of Douglass street, to be paid by the appellant upon the basis of the increase in the market value of said ground for building purposes, but are only to estimate the benefits, if any, to said property, as church property, for the purpose to which the same is now applied.

The following is the appellee's prayer:

That there is nothing in the terms of the deeds, offered in evidence by the appellant, Zion Church, showing its title to the property designated on the benefit plat as lots Nos. ten and a half and eleven, which confines the use of said property to the use of church or school buildings, or to a burial ground, provided the appropriation to other uses should be shown to be for the interest of the owners of said property, and be duly authorized by appropriate and regular proceedings.

All of them were rejected. Zion Church prosecuted this appeal.

The cause was argued before ALVEY, C. J., STONE, MILLER, ROBINSON, BRYAN, and McSHERRY, J.

*W. Burns Trundle*, for the appellant.

*Bernard Carter, City Solicitor*, for the appellee.

BRYAN, J., after stating the case as above, delivered the opinion of the Court.

The statute which gives authority to the Mayor and City Council of Baltimore over the streets of the city enables the corporation to levy either generally on the whole assessable property of the city, or specially on the property of persons benefited, the whole or any part of the damages and expenses incurred in opening a street, or in extending, widening or making other changes in it.

The eighth section of the ordinance, passed in pursuance of the power thus given, directs the Commissioners to make a description of each parcel of ground deemed by them to be benefited, the name or names of such person or persons as shall claim any estate or interest therein, and the amount assessed thereon for benefits.    Article 47, Ordinances, Baltimore City Code.    And    by    the

Zion Church of Baltimore *vs.* Mayor, &c., of Baltimore.

thirteenth section the collector is directed to sell the property assessed for benefits, if the amount assessed should not be paid after a prescribed notice. The sixteenth section declares that all sums of money assessed for benefits shall be and continue liens on the property in question until the same shall be paid to the city. It will be observed that the assessment is made on the property without any reference to the state of the title. The only inquiry is into the amount of benefit conferred on the property by the contemplated improvement. The person or persons in possession may have a limited interest, a qualified defeasible estate, or an absolute unquestionable fee simple. But the Commissioners cannot take these questions into consideration.

They consider only the enhancement of value; and the amount of this enhancement must be paid, or the property is liable to be sold. For these reasons we think that the prayers offered by the appellant were properly rejected. They assert the theory that Zion Church had only qualified rights in the property assessed, and maintain that the jury ought to take into consideration the extent of its interest. But if the assessment is to be equal to the increase in value of the property, it is immaterial who may hold the title; whether the possessor has it absolutely, or whether his interest is liable to be defeated by circumstances which may occur in the future.

The Courts of the State of New York have taken a different view of this question; but the statute and ordinance which we have quoted settle the law for us.

*Rulings affirmed.*